UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW MATTHEW OBRIECHT,

        Plaintiff,

  v.                                                               Case No. 05-C-639

BYRAN BARTOW ,

        Defendant.

**ORDER**

On June 13, 2005, Andrew Matthew Obriecht filed this petition pursuant to 28 U.S.C. § 2254. Although it is not entirely clear from his petition, it appears that Obriecht, an inmate of the state correctional system, was the subject of an involuntary civil commitment under Wis. Stat. § 51.20 in June of 2003. Upon a finding that he was mentally ill and a proper subject for treatment, the state circuit court committed Obriecht to the care of the Department of Health and Family Services (DHFS) for a period of six months. Obreicht appealed the commitment, but it expired before the Wisconsin Court of Appeals had a chance to decide it. The court therefore dismissed his appeal as moot, and the Wisconsin Supreme Court denied his petition for review. See Attachments to Petition. In the meantime, Obriecht has been transferred to the Wisconsin Resource Center (WRC), which DHFS administers as a specialized correctional institution that provides programing, training and supervision "for inmates whose behavior presents a serious problem for themselves or others in state prisons and whose mental health needs can be met at the center." Wis. Stat.

§ 46.056(1). Obreicht alleges that there has been no order by a court of law involuntarily placing him at the WRC.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

I conclude from my review of the petition that Obriecht has failed to set forth a cognizable constitutional or federal claim. It is apparent that Obriecht's current custody is the result of a sentence imposed following his conviction for a crime in state court. His petition contains no constitutional or federal challenge to his conviction or sentence. A state prisoner has no federal or constitutional right to choose the correctional facility where he will serve his sentence, and thus Obreicht's placement at WRC is of no concern to federal courts. For this reason, his petition will be dismissed.

Even if his petition did state a federal claim cognizable under § 2254, it is clear also that Obriecht has failed to exhaust his state court remedies. An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To

2

exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

It is clear from Obriecht's petition that he has failed to exhaust the state court remedies. He specifically notes that the Wisconsin Court of Appeals has not yet decided his challenge to his current confinement at WRC. Thus, even if he had raised a federal claim relating to his current confinement at WRC, his present petition is premature. For this reason, also, dismissal is warranted.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Dated this   20th   day of June, 2005.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

3