UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW MATTHEW OBRIECHT,

    Plaintiff,

v.                                 Case No. 05-C-639

BYRAN BARTOW,

    Defendant.

**ORDER**

On June 13, 2005, Andrew Matthew Obriecht filed a petition for a writ of habeas corpus, alleging that his current commitment at the Wisconsin Resource Center is in violation of the Constitution and laws of the United States. His petition was screened pursuant to Rule 4 of the Rules Governing § 2254 cases. In an order dated June 20th, 2005, I dismissed his petition concluding that he had failed to state a valid claim and had failed to exhaust his administrative remedies, two requirements for relief under § 2254.

Obriecht has now filed what I construe to be a motion for reconsideration. In reviewing his motion, I note that a motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)).

In his motion, Obriecht presents no new information from which I can conclude that my earlier decision was in error. There is nothing in the motion for reconsideration which suggests that Obriecht has suffered a violation of his rights under the Constitution or laws of the United States, nor am I able to conclude that his claims have been previously exhausted at the state or administrative levels.

Accordingly, Obriecht's motion for reconsideration is denied.

**IT IS ORDERED**.

Dated this  27th  day of June, 2005.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge